**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

LORIE ATWATER,

Plaintiff,

v.

COUNTY OF LOS ANGELES, et al.,

Defendants.

Case No. CV 24-1371-CV (AS)

**ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS AND RECOMMNEDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. section 636, the Court has reviewed the pending motions, all records of this case, and the Report and Recommendation of the United States Magistrate Judge, as well as Defendants' and Plaintiff's respective Objections (Doc. ## 177, 179), Plaintiff's response to Defendants' Objections (Doc. # 181), and Plaintiff's request to supplement the record (Doc. # 178). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of those portions of the Report to which the Objections were directed. Having completed its review, the Court accepts the findings and

recommendations set forth in the Report except to the extent stated below.

Defendants object to the recommendation that their Motion for Summary Judgment be denied as to Plaintiff's claim against Defendants Dyer, Hill, Maxwell, Schank, Ely, and Prottung for unreasonable search following Plaintiff's arrest (i.e., the purported "protective sweep" of the property). (Doc.# 177). Defendants argue, in part, that Schank and Ely did not participate in the protective sweep because they were not present on the scene at the time. Upon review of the evidence, the Court agrees on this point and finds that Defendants' Motion should be denied as to Plaintiff's unreasonable search claim against Defendants Dyer, Hill, Maxwell, and Prottung, and granted as to Defendants Schank and Ely.

Defendants also argue that they have set forth sufficient facts demonstrating reasonable suspicion to conduct the protective sweep of the property. Defendants cite four criminal cases in support of their argument that the protective sweep exception applies here as a matter of law. Upon review, the Court finds that Summary Judgment is not appropriate because a reasonable jury could return a verdict in favor of Plaintiff on this issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment not appropriate where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Generally, an arrest does not justify a search of an arrestee's entire home. *Chimel v. California*, 395 U.S. 752, 763 (1969). However, officers may conduct a limited protective sweep of "closets and spaces immediately adjoining the place of arrest

from which an attack could be immediately launched." *Maryland v. Buie*, 494 U.S. 325, 334 (1990) The sweep may extend to non-adjoining areas if officers have a "reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* at 337.

For a Section 1983 claim, the factual matters underlying the judgment of reasonableness generally mean that whether an officer had reasonable suspicion is a question for the jury. *Choi v. Gaston*, 220 F.3d 1010, 1012 (9th Cir. 2000) (citing *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).

Under the circumstances here, a reasonable fact finder could conclude that officers lacked reasonable suspicion to believe that there was an individual posing danger to those at the arrest scene. The arrest occurred a significant distance away from Plaintiff's house, down her long driveway and adjacent to the public roadway. Doc. # 175 at 15-16, 33. Plaintiff rode her dirtbike from the house to the edge of her property to meet with officers prior to her arrest. *Id.* According to officers, Plaintiff stated that she had secured her rifle at a neighbor's house because she anticipated the deputies arrival at her home. *Id.* at 16. When viewed in the light most favorable to Plaintiff, these facts could cut against a reasonable belief of danger at Plaintiff's home.

Similarly, officers do not assert that any individual at the property posed a threat to officers or anyone else. After Plaintiff's arrest, her son voluntarily drove from the home to the edge of the property to speak with police. *Id.*at 16-17. Although officers later observed an unidentifiable person walking on the property, they do not assert that they believed this individual

presented any threat to them or anyone else at the property. Doc. # 175 at 42. Officers similarly do not assert that they suspected any ongoing danger or criminal activity at the property such that there might be additional dangerous individuals at the scene. *Id.* That Plaintiff had previously shot a rifle on her property did not, when viewed in the light most favorable to Plaintiff, present any ongoing danger to officers once Plaintiff had been arrested.

Thus, when viewed in this light, a reasonable jury could conclude that officers had no reasonable suspicion to believe that they were in danger following defendant's arrest. Defendants are not, therefore, entitled to summary judgment based on the protective sweep exception to the warrant requirement.

The criminal cases cited by Defendants do not require a contrary outcome at the summary judgment stage. In those cases, officers identified an ongoing danger or continuing threat to the officers as reasonable suspicion justifying the protective sweep. In *United States v. Gonzales-Barrera*, after finding a rifle in a home reported to police to be harboring armed human smugglers, police executed a protective sweep to ensure no dangerous criminals were hiding in other parts of the home. *United States v. Gonzales-Barrera*, 288 F. Supp. 2d 1041, 1045–46 (D. Ariz. 2003). Police initially observed at least 15 people inside the home, some of whom fled throughout the home after police announced their presence. *Id.* at 1046, 1053. Considering this ongoing threat, the court found police reasonably believed that additional armed criminals were potentially still in the home. *Id.* at 1053

Similarly, in *United States v. Meza-Corrales*, police surveillance revealed that certain individuals routinely

distributed narcotics from their home. *United States v. Meza-Corrales*, 183 F.3d 1116, 1119 (9th Cir. 1999) When police arrived, they found a vehicle containing several firearms in the driveway. *Id.* Police observed multiple people fleeing to evade apprehension when police announced their presence. *Id.* After subduing two suspects, officers conducted a protective sweep of the entire home to ensure that there were no further dangerous individuals or weapons in the home. *Id.* at 1120. Based on prior surveillance and officer's observations on the scene, the court found police had a reasonable suspicion that additional armed suspects could have been in the home undetected. *Id.* at 1120, 1124.

In *United States v. Rodriguez*, when police interviewed two suspects in custody, each gave conflicting statements about whether there were additional suspects in the home. No. 2:10-CR-235 JCM PAL, 2011 WL 146622, at *5 (D. Nev. Jan. 18, 2011). According to police, one suspect's "demeanor changed, and she became visibly nervous, sweating on her upper lip, when asked whether anyone else was in the house." *Id.* at *5. Police knew that there were weapons in the home and heard rustling noises that officers suspected could be a dangerous person. *Id.* The court found that the combination of these factors gave officers reasonable suspicion that another potentially armed person could have been in the home. *Id.*

Finally, in *United States v. Gardner*, DEA agents conducted a protective sweep after undercover agents arrested a resident for selling a large quantity of narcotics from their home. *United States v. Gardner*, 627 F.2d 906, 908–09 (9th Cir. 1980). Prior surveillance revealed that certain physical attributes of the property allowed individuals to enter and exit the property

undetected. *Id.* at 908. Although the undercover agents had been in the home prior to the arrest, due to the nature of the criminal activity at the residence and the physical layout of the property, officers believed that there could have been additional dangerous individuals hidden somewhere in home. *Id.* at 911. The court thus found that the officers reasonably believed that additional dangerous individuals could have been on the property. *Id.* at 911–12.

The circumstances described by officers here are distinguishable from the foregoing cases in several respects. Unlike *Gonzales-Barrera* and *Meza-Corrales*, officers here do not identify facts that led them to believe there was an ongoing potential for danger from Plaintiff's alleged criminal activity or from any other suspected criminal activity at the property. In both *Gonzales-Barrera* and *Meza-Corrales*, the nature and description of the criminal activity underpinned officer's belief that dangerous individuals might have been concealed on the property. *See Gonzales-Barrera*, 288 F. Supp. 2d at 1045–46 (Officers were advised that multiple armed human smugglers were holding additional victims at gunpoint); *Meza-Corrales*, 183 F.3d at 1124 (enumerating facts concerning the criminal activity at the home supporting officer's belief). Here, the only criminal activity described by officers at the property involved Plaintiff's prior conduct. Doc. # 175 at 40–42. Viewed in the light most favorable to Plaintiff, without more, this threat would have been immediately extinguished upon Plaintiff's arrest. Accordingly, these cases are distinguishable and do not require the Court to find in Defendants' favor on Summary Judgment.

Defendants also do not set forth a basis to believe there were additional dangerous individuals on the property. Here, officers were aware that Plaintiff's son was present at the property and that he was cooperating with police. Doc. # 175 at 42. Unlike *Rodriguez*, Defendants do not assert that statements from Plaintiff's son or any officer's observations at the scene made them believe dangerous individuals were also potentially present at the property. *Id.* Without this, the physical layout of the property, in isolation, does not demonstrate that officers reasonably believed there were other dangerous individuals on the property. In *Gardner*, officers discovered that, because of the property's physical layout, at least one individual involved in the distribution of narcotics had left without police detection. *United States v. Gardner*, 627 F.2d at 908, 911. This led officers to believe that additional individuals could have been on the property unbeknownst to officers. *Id.* at 911. Here, officers do not set forth similar observations or suspicions to underpin any hunch concerning the property layout. Accordingly, *Rodriguez* and *Gardner* are also distinguishable.

For the reasons discussed above, a reasonable jury could conclude that Defendants lacked an objectively reasonable basis to believe that Plaintiff's home harbored an individual posing a danger to those on the arrest scene. Defendants are not, therefore, entitled to summary judgment based on the protective sweep exception to the warrant requirement.

Otherwise, the Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**Accordingly, IT IS ORDERED** that (1) Defendants' Motion for Summary Judgment (Doc. # 110) is **DENIED** as to Plaintiff's claim against Defendants Dyer and Hill for excessive force and as to Plaintiff's claim against Defendants Dyer, Hill, Maxwell, and Prottung for unreasonable search following the arrest (*i.e.*, the purported "protective sweep" of the property); (2) Defendants' Motion for Summary Judgment is **GRANTED** as to Defendants Ely and Schank for unreasonable search following the arrest; (3) Defendants' Motion for Summary Judgment (Doc. # 110) is **GRANTED** as to all other claims; and (4) Plaintiff's motions (Doc. ## 116, 119, 120, 145, 153, 161,[1] 166, 178) are **DENIED**.[2]

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on the parties.

DATED: 9/28/26

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff submitted a Notice of Withdrawal of Motion for Leave to File First Amended Complaint and Corresponding Objections to Doc. # 175 ("Motion for Leave"). Doc # 180. To the extent any portion of the Motion for Leave or Plaintiff's corresponding objections remain unresolved, the Court DENIES the motion in accordance with the conclusions and recommendation of the Magistrate Judge.

[2] This ruling does not preclude Plaintiff from filing a new motion to limit or modify communications with opposing counsel, so long as such motion complies with applicable rules and corrects the defects addressed in the Report and Recommendation.